## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DEVINA MARIE NO RUNNER,<br><br>Defendant. | **CR-03-77-GF-DLC-RKS-01**<br><br><br>**FINDINGS AND RECOMMENDATION TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |

### I.    Synopsis

Ms. No Runner was charged with violating her supervised release conditions by consuming alcohol.  She admitted to the violation.  Ms. No Runner's supervised release should be revoked.  She should be incarcerated for 9 months, with 42 months supervised release to follow.

### II.    Status

Ms. No Runner plead guilty in 2004 to Second Degree Murder.  Doc. 50. She was sentenced to 121 months in prison, with five years supervised release to follow.  Doc. 60.   She began the supervision period in July 2012.  Doc. 95.   Ms. No Runner's supervised release was revoked in October 2012 for

methamphetamine use. Docs. 80, 92. She was ordered into custody for nine months, with 51 months supervised release to follow. Doc. 92. Her current period of supervised release began July 16, 2013. Doc. 95. On July 25, United States District Judge Dana L. Christensen modified Ms. No Runner's supervised release conditions to prohibit alcohol use. Doc. 94. In August 2013, Ms. No Runner tested positive for alcohol, but her probation officer did not seek revocation because Ms. No Runner represented that she was commencing chemical dependancy and mental health treatment. Doc. 95.

**Petition**

The United States Probation Office filed a petition on October 24, 2013, requesting that Ms. No Runner's supervised release be revoked. The petition alleged that Ms. No Runner had violated the conditions of her supervised release by consuming alcohol on October 24, 2013 in violation of the modified condition. It alleged she provided a breath test that registered a .289 blood alcohol content. Doc. 95. Based on the petition, the undersigned issued a warrant for Ms. No Runner's arrest. Doc. 96.

**Initial appearance**

Ms. No Runner was arrested on October 29, 2013. Doc. 97. She appeared before the undersigned on October 30. Ms. No Runner was accompanied by

Federal Defender R. Henry Branom, who was appointed as counsel. The United States was represented by Assistant United States Attorney Laura Weiss. Ms. No Runner said she had read the petition and understood the allegations. She waived her right to a preliminary hearing.

Ms. Weiss warned Ms. No Runner that she could be incarcerated for up to 60 months if her supervised release is revoked. The undersigned informed Ms. No Runner that a revocation hearing would be held, and based on that hearing a recommendation would be made to Judge Christensen, who will decide whether to revoke her supervised release and, if appropriate, impose a sanction. Ms. No Runner was instructed that she will have 14 days to object to the recommendation before Judge Christensen makes his decision. Mr. Branom said he and Ms. No Runner were prepared to proceed immediately to the revocation hearing, so it commenced.

**Revocation hearing**

Ms. No Runner was present at the revocation hearing with Mr. Branom. Ms. Weiss appeared for the United States. Ms. No Runner admitted to violating her conditions of supervised release, as alleged in the petition.

The undersigned believes Ms. No Runner's admission establishes a violation, and that the violation merits revocation of her supervised release. Ms.

No Runner's violation grade is C, her criminal history category is 1, and the underlying violation is a Class A felony. She could be incarcerated for up to 60 months. The United States Sentencing Guidelines call for 3 to 9 months imprisonment. U.S. Guidelines Manual, Ch. 7. She could be ordered to remain on supervised release for up to 51 months, less any custodial time imposed. Mr. Branom and Ms. Weiss agreed with that statement of potential penalties.

Mr. Branom requested a sanction of custody in the guideline range and no additional supervised release. Mr. Branom said a sanction within the guidelines is appropriate for the nature of the offense. He argued that supervised release should not be imposed because it is not effective for Ms. No Runner. Mr. Branom noted that Ms. No Runner is already required to register as a violent offender, which somewhat lessons the need for supervision by the United States Probation Office. Ms. No Runner requested prison placement at a facility other than Federal Medical Center Carswell, where she was previously placed, because the availability of drugs at that facility exacerbated her substance abuse issues.

Ms. No Runner declined to allocute. She said Mr. Branom had fully explained her position.

Ms. Weiss requested a sanction of at the high end of the guideline range and additional supervised release. The high end of the guideline range is appropriate in

light of the serious underlying offense and repeated violations, Ms. Weiss argued. Ms. Weiss also argued that additional supervised release will protect the community and may help Ms. No Runner manage her substance abuse issues.

## Analysis

Ms. No Runner's supervised release should be revoked. She admitted violating the prohibition on alcohol by consuming a very large amount of alcohol, despite a previous warning. She should be ordered into custody for nine months. Ms. No Runner's violation merits a sanction at the top of the guideline range because she has repeatedly failed to abide by court-ordered conditions of release. Mr. No Runner's request for placement at a facility other than FMC Carswell is reasonable – that recommendation should be made.

Supervised release should be continued for 42 months. Although Ms. No Runner has a poor record of compliance with release conditions, supervision will help protect the community. Ms. No Runner has a history of violence and is more likely to engage in violent conduct under the influence of alcohol. Supervision will also benefit Ms. No Runner, as it may help her to address her substance abuse issues.

## Conclusion

Ms. No Runner was informed that the sanction described above would be

recommended to Judge Christensen.  Ms. No Runner was reminded of her right to object to the Findings and Recommendations within 14 days of their issuance.

The Court makes the following **FINDING:**

1.  Ms. No Runner violated the Modified Condition of her supervised release by consuming alcohol on October 24, 2013.

It is thus **RECOMMENDED:**

1.  The District Court enter the attached Judgement, revoking Ms. No Runner's supervised release and committing Ms. No Runner to the custody of the United States Bureau of Prisons for a term of imprisonment of nine months.

2.  The District Court should impose all conditions of supervised release previously imposed, including the modified condition added on July 25, 2013.  Those conditions are fully set forth in the attached Judgment.

3.  The District Court should recommend that the Bureau of Prisons house Ms. No Runner at a facility other than Federal Medical Center Carswell.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing.  As this deadline allows a party to act after the Findings and Recommendations is served, it falls under Fed.R.Civ.P. 6(d).  Therefore, three (3) days are added after the period

would otherwise expire.

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to allocute before the district judge.

DATED this 31st day of October, 2013.

Keith Strong
United States Magistrate Judge